<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5021**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE JAMES MURPHY, JR., a/k/a Jerry
Robinson, a/k/a Robert B. Carey, a/k/a Robert
G. Carey,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Gerald Bruce Lee, District
Judge. (CR-05-134)

Submitted: August 23, 2006     Decided: September 26, 2006

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Acting Federal Public Defender, Ivan D.
Davis, Assistant Federal Public Defender, Sapna Mirchandani,
Research and Writing Attorney, Alexandria, Virginia, for Appellant.
Chuck Rosenberg, United States Attorney, Patrick F. Stokes,
Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Willie James Murphy, Jr., pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced him to thirty-seven months in prison. Murphy timely appealed. He challenges the district court's denial of his motion to suppress. We affirm.

Officer Dean Tran of the Fairfax County Police Department responded to a dispatch call that security personnel at a Giant Food Store in Falls Church, Virginia, were attempting to detain two black males and a black female suspected of shoplifting. Upon entering the store, Tran saw Murphy and another black male and a black female arguing with a woman he recognized as a store security officer with whom he had prior dealings and who he considered reliable. Tran said Murphy reached for his pocket several times and that the officer repeatedly told him to keep his hands where he could see them. When the other officers arrived, the suspects were asked to accompany them to the store security office for further questioning.

Once inside the office, Murphy continued to be loud and uncooperative. Tran decided to pat down Murphy, who was much larger than him, before continuing the investigation. Several officers wrestled Murphy to the wall where he was handcuffed and patted down. Among other things, the search revealed a gun in Murphy's waistband. Murphy moved to suppress this evidence, which the district court denied.

We review de novo legal conclusions underlying the denial of a motion to suppress and review factual findings for clear error. United States v. Moreland, 437 F.3d 424, 429 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). We view the evidence in the light most favorable to the Government, which prevailed below. United States v. Seidman, 156 F.3d 542, 547 (1998). "An officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000); Terry v. Ohio, 392 U.S. 1, 30 (1968). To conduct a Terry stop, there must be "at least a minimal level of objective justification for making the stop." Wardlow, 528 U.S. at 123. Reasonable suspicion requires more than a hunch, but less than probable cause. Id. at 123-24. In assessing police conduct in a Terry stop, courts must look to the totality of the circumstances. United States v. Sokolow, 490 U.S. 1, 8 (1989).

Officers conducting a lawful Terry stop may take steps reasonably necessary to protect their personal safety, check for identification, and maintain the status quo. United States v. Hensley, 469 U.S. 221, 229, 235 (1985); see also United States v. Moore, 817 F.2d 1105, 1108 (4th Cir. 1987) (brief but complete restriction of liberty is valid under Terry). In addition, a police officer may conduct a pat-down search of an individual stopped in a Terry situation if he has a reasonable, articulable suspicion that the person is involved in illegal activity and is armed. United States v. Raymond, 152 F.3d 309, 312 (4th Cir.

- 3 -

1998).  The standard justifying such a pat-down search is not onerous.  <u>United States v. Swann</u>, 149 F.3d 271, 274 (4th Cir. 1998).

After a careful review of the record, we find that, even after correcting for inconsistencies between the officer's version of the events and the video surveillance tape, there was reasonable suspicion to conduct a <u>Terry</u> stop and frisk.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>